### PRESENTIA GARCIA *v.* KITCHINGS et al.

It is a sufficient evidence of a Clerk of a District Court in this State, being the administrator of an estate, which he assumes to administer *ex officio* under the Act of 1855, that he files a written appearance in this court as such. No order of court, oath, bond or letters of administration are required to authenticate his capacity.

APPEAL from the District Court of the parish of Caddo, *Bullard*, J. *Nutt*, for plaintiff. *Hodge & Austin*, for defendants.

BUCHANAN, J. (SPOFFORD, J., recused himself.) This cause has stood continued in this court ever since 1852, for the purpose of making parties, the plaintiff and appellee having died. At length, on the 16th July, 1856, the Clerk of the District Court for the parish of Caddo files an appearance, "as *ex officio* curator or administrator of the succession of *Presentia Garcia*, deceased, which administration he has assumed, as required by law," and prays that the judgment of the District Court be affirmed, with costs.

The appellant, *Kitchings*, objects to the filing of the appearance of the Clerk of the District Court as a party to this suit, on the ground that there is no evidence before the court that he is *ex officio* administrator of plaintiff.

We take official cognizance of the fact of *William G. Kisby* being Clerk of the District Court of Caddo parish. As such, the 19th section of an Act to regulate and define the duties of Clerks of District Courts generally, (Session Acts of 1855, page 52,) makes it his duty to assume the administration of successions which are so small or so much in debt that no person will apply for or will be willing to accept the administration. The expression used in this statute is "assume the administration." No order of court, oath, bond or letters of administration are required to authenticate his capacity. It is sufficient evidence of the Clerk being the administrator of plaintiff's estate that he files a written appearance in this court as such.

The exception of the appellant is, therefore, overruled.

Upon the merits, the verdict of the jury and judgment appealed from seem justified by the proof.

Judgment affirmed, with costs.